# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 19-0225-WS |
| ) | |
| MARINO CAIDO-CARDENAS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 45) filed by defendant, Marino Caido-Cardenas. The Motion has been briefed and is now ripe.

Cardenas and two co-defendants were indicted in the Southern District of Alabama for the offenses of conspiracy to distribute cocaine on board a vessel, in violation of 46 U.S.C. § 70506(b), and possession with the intent to distribute cocaine on board a vessel, in violation of 46 U.S.C. § 70503(a)(1). The Government alleges the following pertinent facts in support of these charges: On July 18, 2019, the U.S. Coast Guard Cutter Seneca was on patrol in the eastern Pacific Ocean when its helicopter detected a go-fast vessel (the "Vessel") approximately 50 nautical miles south of the Azuero Peninsula in Panama. The Coast Guard intercepted the Vessel, which flew no flag, had no vessel registration documents, and lacked any other indicia of nationality. Upon boarding the Vessel, Coast Guard agents located approximately 800 kilograms of contraband that tested positive for cocaine. The Vessel's three-man crew, one of whom was Cardenas, identified themselves as Colombian nationals and were thereafter detained by the Coast Guard and were transported to this District to face criminal charges under the Maritime Drug Law Enforcement Act ("MDLEA").

In his Motion to Dismiss, Cardenas challenges the constitutionality of the MDLEA as applied to him because "[t]here is no indication in the indictment or the record before the Court that Mr. Cardenas's conduct had any connection to, or actual or potential effect in, the United States." (PageID.87.) As Cardenas correctly recognizes, binding precedent forecloses this line of argument. Indeed, the Eleventh Circuit has "held that the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to offenses without a nexus to the United

States," and has "upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause." *United States v. Valois*, 915 F.3d 717, 722 (11th Cir. 2019) (citations omitted); *see also United States v. Campbell*, 743 F.3d 802, 810 (11th Cir. 2014) ("we have long upheld the authority of Congress to extend the criminal jurisdiction of this country to any stateless vessel in international waters engaged in the distribution of controlled substances") (citation and internal marks omitted).[1] Simply put, Eleventh Circuit "precedent holds that the MDLEA as applied to drug trafficking on stateless vessels in international waters … is a valid exercise of Congress's Felonies Clause power, even without a U.S. nexus." *United States v. Vargas*, --- Fed.Appx. ----, 2019 WL 2577420, *3 (11th Cir. June 24, 2019).

Insofar as Cardenas endeavors to assert a due process claim based on his lack of notice that he could be violating the laws of the United States, the same binding authorities negate such a contention. *See Valois*, 915 F.3d at 722 (rejecting due process argument by foreign nationals arguing that their drug trafficking offense lacked a nexus to the United States, and explaining that "the Due Process Clause of the Fifth Amendment does not prohibit the trial and conviction of aliens captured on the high seas while drug trafficking because the MDLEA provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas"); *Campbell*, 743 F.3d at 812 (similar).

Cardenas also argues that dismissal of the Indictment is required because the Eleventh Circuit "has consistently recognized that extraterritorial application of United States law must be supported by a principle of extraterritorial jurisdiction recognized by customary international law." (PageID.87.) But binding precedent also undercuts this argument by finding the requisite principles of extraterritorial jurisdiction to exist in the MDLEA context. Indeed, the Eleventh Circuit has "recognized that the conduct proscribed by the [MDLEA] need not have a nexus to the United States because **universal and protective principles support its extraterritorial reach**."

---

[1] Cardenas maintains that "[t]he power conferred by the High Seas Clause can only be exercised when the proscribed conduct has a nexus to the United States." (PageID.94-95.) Eleventh Circuit holdings are to the contrary. *See, e.g., United States v. Saac*, 632 F.3d 1203, 1210 (11th Cir. 2011) ("In the MDLEA cases, the appellants argued that offenses other than piracies may not be punished under Congress's High Seas Clause power when there is no nexus to the United States. In each case, the court concluded, however, that Congress's High Seas Clause power includes the authority to punish offenses other than piracies outside the territorial limits of the United States. … This Court, and our sister circuits, have refused to read a jurisdictional nexus requirement into the clause.").

*Campbell*, 743 F.3d at 810 (emphasis added). "The protective principle does not require that there be proof of an actual or intended effect inside the United States. The conduct may be forbidden if it has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems." *United States v. Gonzalez*, 776 F.2d 931, 939 (11th Cir. 1985). As to universality, the Eleventh Circuit has found that "[i]nasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, we see no reason to conclude that it is 'fundamentally unfair' for Congress to provide for the punishment of persons apprehended with narcotics on the high seas." *United States v. Estupinan*, 453 F.3d 1336, 1339 (11th Cir. 2006) (citation omitted); *see also United States v. Saac*, 632 F.3d 1203, 1210 (11th Cir. 2011) (MDLEA's extraterritorial reach "was justified under the universal principle of international law … because the MDLEA criminalizes conduct that is condemned universally"). Stateless vessels, such as the one on which Cardenas was a crew member, alleged to be trafficking narcotics on the high seas "are 'international pariahs' that have 'no internationally recognized right to navigate freely on the high seas.'" *Campbell*, 743 F.3d at 810 (citations omitted).

In light of these unambiguous binding authorities that Cardenas correctly acknowledges are both directly on-point and fatal to his arguments, the Motion to Dismiss (doc. 45) is **denied**.

DONE and ORDERED this 13th day of November, 2019.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE